OPINION OF THE COURT
Irving Lang, J.
In addition to holding him in contempt, can a court impose a trial sanction against a defendant who willfully refuses to comply with a lawful order to provide handwriting exemplars?
*719 FACTS
Defendant Alfred Prince and codefendant Sammy Hill were indicted for grand larceny and fraudulent accosting. They are charged with stealing approximately $4,000 from a school teacher in a classic "magic wallet” confidence game. During the course of the con, defendant Prince allegedly wrote his name and number in the presence of the complainant and she retained the writing. In order to authenticate that the defendant made the writing, this court signed a pretrial order requiring the defendant to submit handwriting exemplars (CPL 240.40 [2] [b] [vi]). The defendant refused to comply with that order and a direct verbal order by the court.
CONTENTIONS
The District Attorney argues that she should be permitted to introduce evidence of defendant’s refusal to comply with the court’s order and that the jury should be instructed that failure to provide the exemplars may be considered indicative of the defendant’s consciousness of guilt. The prosecutor contends that the issue raised is comparable to Vehicle and Traffic Law § 1194 (4) which provides that evidence of refusal to submit to a blood-alcohol content test "shall be admissible in any trial”. The constitutionality of section 1194 (4) has been sustained as not violative of the US Constitution 5th Amendment. (People v Thomas, 46 NY2d 100; People v Powell, 95 AD2d 783; Schmerber v California, 384 US 757.) A consciousness of guilt instruction was approved by the Appellate Division in People v Haitz (65 AD2d 172 [4th Dept 1978]).
The defense counters that the only sanction available is for the court to hold the defendant in contempt. It is claimed that this court lacks authority to impose any "trial sanction” since none has been specifically prescribed by the Legislature. Defendant asserts that the Legislature authorizes use at trial of a defendant’s refusal to provide nontestimonial evidence in only two instances:
1) refusal to submit to a blood-alcohol test under Vehicle and Traffic Law § 1194 (4) and
2) refusal to cooperate with a court psychiatrist (CPL 250.10). Under the "expressio unius” doctrine the defense asserts that the failure of the Legislature to provide a trial sanction for refusing to provide handwriting exemplars precludes this court from imposing one.
*720 ANALYSIS
CPL 240.40 (2) codifies the principle that a defendant may be compelled to provide nontestimonial evidence upon motion of the prosecutor. Many forms of nontestimonial evidence such as appearing in a lineup, providing fingerprints, taking samples of blood, hair or changing appearance involve involuntary exercises. That is, a defendant does not have to be willing to do them in order to comply with a court order — he may be forced, for example, to alter his appearance or to have his blood drawn (Matter of Abe A., 56 NY2d 288). However, providing a handwriting exemplar is different in the sense that writing is an affirmative, volitional act which an individual cannot be forced to perform — he must comply with the order voluntarily to the extent of writing the necessary sample with his own hand, under his own power. When a defendant steadfastly refuses to write pursuant to a court order, a dilemma arises. What resources are available to the court in order to fairly and effectively deal with such resistance?
The instant case appears to be one of first impression since research has failed to uncover a single decision on point. Perhaps the reason for the absence of case law is that in the vast majority of instances where handwriting exemplars are ordered the defendant is out on bail and the threat of jail for contempt would suffice to cause even a reluctant party to cooperate. Where, however, in a situation such as this case the defendant is already incarcerated, the threat of a jail term is obviously meaningless. Does this mean that the court is powerless to deal with the matter in other than a pyrrhic fashion? I think not.
In my view the closest analogy to a defendant’s refusal to comply with a handwriting order is failure to cooperate with a court psychiatrist due to the volitional element inherent in both procedures. Although there presently is statutory authority allowing the court to punish a defendant who willfully fails to be examined by the court psychiatrist, the legislative sanctions did not always exist. Specifically, when Matter of Lee v County Ct. (27 NY2d 432) was decided, the rule adopted by the Court of Appeals — that the defendant’s expert testimony would be inadmissible unless he fully cooperated and submitted to a mental examination where one had been sought by the People — was not provided for in any of the *721 statutes relating to the insanity defense (Matter of Lee v County Ct., supra, at p 442; People v Segal, 54 NY2d 58, 65). Nor was there any express statutory support for the corollary that "the court shall be permitted to instruct the jury that the defendant has failed to co-operate * * * and that the failure * * * should be considered by them in determining the merits of the defense” (Matter of Lee v County Ct., supra, at pp 442-443). Indeed, the commentary to the CPL indicates that CPL 250.10 simply codified the decision in Lee. Thus, to say that where no statute exists a court can never impose trial sanctions is simply not correct. At such times a court’s "inherent power to insure fairness and to preserve the integrity of the fact-finding process” comes into play. (People v Segal, supra, at p 65.)
The same principles of fairness pertain in the instant case. The trial process should not be thwarted by a defendant’s contumacious conduct and unwillingness to comply with court orders. I hold that the fact that a defendant refused to provide a handwriting exemplar is admissible at trial.
The only remaining issue to be resolved is the nature of the instruction to the jury with respect to the refusal to provide handwriting samples. The "consciousness of guilt” charge seems to me to be both ephemeral and somewhat usurpative of the jury’s function. This is more analogous to a missing witness situation. Accordingly the jury will be instructed that they are permitted, but not required, to infer that had the defendant given the exemplars they would not be favorable to him.
Finally, I note that defendant Prince was informed that if he failed to produce the exemplars the jury would be made aware of that fact. The court also read him the proposed charge containing the permissible inference. He was free to provide a handwriting sample at any time prior to and during his trial. Thus, Prince’s contention that he had no warning of the consequences of his refusal has no merit.
Accordingly, the People will be permitted to introduce evidence of the defendant’s unwillingness to provide court ordered handwriting exemplars. The jury will be instructed on the inference which they may draw from such refusal, as indicated above.